**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PHILLIP McCOY, | : | CIVIL ACTION |
| | : | |
| *Plaintiff,* | : | |
| vs. | : | No. 10-7334 |
| | : | |
| DETECTIVE FRANK MARTIN, *et al.*, | : | |
| | : | |
| *Defendants* | : | |
| | : | |
| | : | |

## **ORDER**

AND NOW, this _____ day of _____, 2011, upon consideration of Defendants' Motion to Dismiss, and any response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED. It is further ORDERED that Plaintiff's Complaint is STRICKEN and DISMISSED with prejudice.

BY THE COURT:

_____
EDUARDO C. ROBRENO, J.

CITY OF PHILADELPHIA LAW DEPARTMENT
CIVIL RIGHTS UNIT
BY:     Andrew J. Belli, *Attorney for Defendants*
Attorney I.D. No. 208100
One Parkway Building, 14th Floor
1515 Arch Street
Philadelphia, PA 19102-1595
(215) 683-5434
andrew.belli@phila.gov

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILLIP McCOY, | : | CIVIL ACTION |
| | : | |
| *Plaintiff*, | : | |
| vs. | : | No.  10-7334 |
| | : | |
| DETECTIVE FRANK MARTIN, *et al.*, | : | |
| | : | |
| *Defendants* | : | |
| | : | |
| | : | |

**DEFENDANTS PATRICK SMITH, DUANE WHITE, JOHN HRYWNAK, JOSEPH RYAN, WILLIAM FARRELL, AND WILLIAM REMPFER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL <u>PROCEDURE 12(B)(6) FOR FAILURE TO STATE A CLAIM</u>**

Defendants, Patrick Smith, Duane White, John Hrywnak, Joseph Ryan, William Farrell, and William Rempfer,[1] hereby file the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons and authorities cited in Defendant's brief, which is incorporated herein by reference—namely the prohibition on using 42 U.S.C. § 1983 to challenge actions that would directly or implicitly call into question the validity of criminal convictions, the applicability of the *Rooker-Feldman* doctrine, and the fact that Plaintiff's claims are barred by the

---

[1] Plaintiff names as defendants several other individuals allegedly associated with the Philadelphia Police Department.  Those individuals have not yet been served and undersigned counsel does not purport to represent them.  Nonetheless, counsel respectfully requests that Plaintiff's Complaint be dismissed in its entirety because the arguments raised in this brief are equally applicable to the Defendants who have yet to be served and because doing so would advance interests of judicial economy.

statute of limitations—Defendants respectfully request that this Court grant the instant Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

                              Respectfully Submitted,

                              /s/ Andrew J. Belli
                              Andrew J. Belli
                              *Assistant City Solicitor*
                              Attorney I.D. No. 208100
                              City of Philadelphia Law Department
                              1515 Arch Street, 14th Floor
                              Philadelphia, PA  19102
                              andrew.belli@phila.gov
Date: June 13, 2011             Ph. (215) 683-5434/fax: 215-683-5071

CITY OF PHILADELPHIA LAW DEPARTMENT
CIVIL RIGHTS UNIT
BY:     Andrew J. Belli, *Attorney for Defendants*
Attorney I.D. No. 208100
One Parkway Building, 14th Floor
1515 Arch Street
Philadelphia, PA 19102-1595
(215) 683-5434
andrew.belli@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PHILLIP McCOY, | : | CIVIL ACTION |
| | : | |
| *Plaintiff*, | : | |
| vs. | : | No.  10-7334 |
| | : | |
| DETECTIVE FRANK MARTIN, *et al.*, | : | |
| | : | |
| *Defendants* | : | |
| | : | |
| | : | |

**BRIEF IN SUPPORT OF DEFENDANTS PATRICK SMITH, DUANE WHITE, JOHN HRYWNAK, JOSEPH RYAN, WILLIAM FARRELL, AND WILLIAM REMPFER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) FOR FAILURE TO STATE A CLAIM**

**I.      INTRODUCTION**

Defendants Patrick Smith, Duane White, John Hrywnak, Joseph Ryan, William Farrell, and William Rempfer, by and through undersigned counsel, hereby file the following brief in support of their Motion to Dismiss Plaintiff's Complaint for failure to state a claim.[1]  For a variety of reasons—namely the prohibition on using 42 U.S.C. § 1983 to challenge actions that would directly or implicitly call into question the validity of criminal convictions, the

---

[1] Plaintiff names as defendants several other individuals allegedly associated with the Philadelphia Police Department.  Those individuals have not yet been served and undersigned counsel does not purport to represent them.  Nonetheless, counsel respectfully requests that Plaintiff's Complaint be dismissed in its entirety because the arguments raised in this brief are equally applicable to the Defendants who have not yet been served and because doing so would advance interests of judicial economy.

applicability of the *Rooker-Feldman* doctrine, and the fact that Plaintiff's claims are barred by the statute of limitations—Plaintiff fails to state a claim upon which relief can be granted and Defendants thus respectfully request that his Complaint be dismissed with prejudice.

## II. PROCEDURAL AND FACTUAL HISTORY[2]

Plaintiff Phillip McCoy's eighty-one paragraph Complaint[3] presents a sprawling narrative presenting claims under 42 U.S.C. § 1983 and seeking, *inter alia*, monetary damages of $1.3 Billion dollars and the elimination of his criminal record. Complaint at ¶¶ 2, 76-77, 80. As to the Philadelphia Police Officer Defendants,[4] Plaintiff alleges that Detective Frank Martin, in seeking what undersigned counsel presumes were search warrants for two properties associated with Plaintiff, prepared an affidavit based on the uncorroborated statements of one "Ms. Williams."[5] *Id.* at ¶¶ 1-3. The affidavits resulted in the issuance of search warrants for two properties: 5014 Master Street, which Plaintiff alleges was his residence, and 661 N. Yewdall Street. *Id.* at ¶ 3.

According to Plaintiff, on April 6, 2001, Plaintiff was in the Yewdall Street property when Philadelphia Police Detectives Frank Martin, Patrick Smith, and William Farrell, and

---

[2] The facts set forth in support of Defendants' Motion to Dismiss are drawn from Plaintiff's Complaint and are accepted as true by Defendants solely for the purpose of the instant motion. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Defendants also rely on the contents of the indisputably authentic and judicially noticeable exhibits attached to their motion to dismiss. *See, e.g., Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, [a court] may consider documents that are attached to or submitted with the complaint and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case." (quotation marks, citations, and alteration marks omitted)).

[3] A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A" (exhibits thereto omitted).

[4] Plaintiff's Complaint includes a number of allegations implicating only the Judges and District Attorneys who were handling his criminal cases. *See, e.g.,* Complaint at ¶¶ 36-49. On April 19, 2011, this Court dismissed as frivolous Plaintiff's claims against judicial and district attorney defendants. Those allegations are thus not discussed in the body of this brief.

[5] Given the Third Circuit's holding that information from a single, apparently credible, eyewitness is sufficient to allow a police officer to form probable cause, Detective Martin's behavior was entirely proper. *See, e.g., Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 790 (3d Cir. 2000).

Philadelphia Police Officer Dwayne White, entered and searched the property and handcuffed and searched Plaintiff.[6]  *Id.* at ¶¶ 4-22.  According to Plaintiff, the Officers found weapons and drugs in the property and told Plaintiff that they knew the items belonged to him.  *Id.*  Plaintiff was then arrested and charged with drug crimes, which Plaintiff takes issue with because the search warrant for the Yewdall Street property was issued because of a suspicion that Defendant had committed forgery, not a narcotics offense.[7]  *Id.* at ¶ 27.  On May 25, 2001, after walking out of the Municipal Court proceeding during which his drug crimes were held for court, Defendants Martin and Smith arrested Plaintiff for forgery charges.  *Id.* at ¶ 31.  According to Plaintiff, he filed a motion to suppress evidence obtained during the allegedly illegal search (presumably on the basis that the search warrant and execution thereof was invalid), which motion was denied by the Common Pleas Court.  *Id.* at ¶ 35.

In addition to the claims relating to the allegedly illegal search, Plaintiff makes claims relating to the allegedly improper destruction of evidence, contending that the narcotics for which he was charged with drug offenses were destroyed by a number of individuals and that Defendant Bill Rempfer was involved and "witnesse[d] the destruction."  *Id.* at ¶¶ 51-56.  Plaintiff alleges that Lieutenant John Hrywnak was somehow involved in this destruction.  *Id.* at 51-53.  While Plaintiff does not even attempt to explain how the destruction of inherently incriminating evidence could have in any way prejudiced his case, he seems to imply that he was

---

[6] These Officers did not act improperly, as The Third Circuit, in keeping with the law of other Circuits, has "generally extended immunity to an officer who makes an arrest based on an objectively reasonable belief that there is a valid warrant."  *Berg v. County of Allegheny*, 219 F.3d 261, 273 (3d Cir. 2000) (citing *Rogers v. Powell*, 120 F.3d 446, 456 (3d Cir. 1997) (concluding that a state trooper who was inaccurately told by another trooper that there was a warrant for the plaintiff's arrest was immune from suit); *Capone v. Marinelli*, 868 F.2d 102, 105-06 (3d Cir. 1989) (holding that arresting officers were immune in light of a bulletin correctly reporting the existence of an arrest warrant)).

[7] While Plaintiff takes issue with the fact that the officers found narcotics while they were executing a search warrant for forgery, it is clear that this is proper police behavior because, under the plain view doctrine, the "Supreme Court has allowed officers to seize incriminating evidence in plain view during the course of a lawful search because such a seizure 'does not involve an intrusion on privacy.'"  *United States v. Menon*, 24 F.3d 550, 559 (3d Cir.1994) (quoting *Horton v. California*, 496 U.S. 128, 141 (1990)).

originally accused of possessing 16.5 grams of narcotic but that the destruction of evidence somehow led to his being convicted of possessing 51.17 grams of narcotic.  Complaint at ¶ 58.

A review of Plaintiff's publicly available and judicially noticeable criminal court records reveals that the above described events—i.e., the events which led to Plaintiff's arrest on April 6, 2011—resulted in the Pennsylvania Common Pleas case docketed at CP-51-CR-0509462-2001.  A true and correct copy of the Docket Sheet corresponding to the aforementioned Common Pleas case is attached hereto as Exhibit "B."[8]  That Docket Sheet indicates that, on October 17, 2002, Plaintiff's motion to suppress evidence based on the alleged insufficiency of the warrant was denied by the Pennsylvania court.  Exhibit "B" at Page 8.  On October 20, 2008, after a jury trial, Plaintiff was convicted of Possession With Intent to Distribute Narcotics and Conspiracy to commit the same.  *Id.* at Page 19.

On February 4, 2009, Plaintiff appealed his conviction to the Pennsylvania Superior Court, resulting in the case docketed at 460 EDA 2009.  A true and correct copy of the Docket Sheet associated with Plaintiff's Superior Court case is attached hereto as Exhibit "C."  The Superior Court affirmed Plaintiff's convictions on June 11, 2010.  Exhibit "C" at Page 3.  On July 12, 2010, Plaintiff filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, resulting in the case docketed at 371 EAL 2010.  A true and correct copy of the Docket Sheet associated with Plaintiff's Supreme Court case is attached hereto as Exhibit "D."  The Pennsylvania Supreme Court denied Plaintiff's Petition for Allowance of Appeal on February 23, 2011.  Exhibit "D" at Page 3.

### III. <u>STANDARD OF REVIEW</u>

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a pleading

---

[8] Reference to the middle right side of Page 1 of the docket sheet indicates that the arrest date associated with the Common Pleas case was April 6, 2001, indicating that the charges on this docket sheet are the same as those discussed in Plaintiff's Complaint.

for "failure to state a claim upon which relief can be granted."  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Capogrosso v. Supreme Court of N.J.,* 588 F.3d 180, 184 (3d Cir. 2009) (alteration in original) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).  Thus, a claim "must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal."  *Id.*  Deciding whether a "'complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *O'Fee v. City of Phila.*, 2009 U.S. Dist. LEXIS 92277, at *7 (E.D. Pa. 2009) (alteration in original) (quoting *Iqbal,* 129 S. Ct. at 1950).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*

## IV.  ARGUMENT

### A.  Plaintiff Cannot Use § 1983 To Pursue a Claim Arising Out of Actions that Call Into Question the Validity of His State Court Convictions

Plaintiff asserts claims against Defendants pursuant to 42 U.S.C. § 1983 arising out of allegedly unconstitutional behavior surrounding the procurement and execution of a search warrant which led to Plaintiff's arrest and conviction for drug crimes; Plaintiff further alleges that Defendants destroyed the narcotics which were the fruit of this search and that doing so somehow prejudiced Plaintiff during his criminal trial.  Among the relief sought by Plaintiff is monetary damages of $1.3 Billion dollars and the elimination of his criminal record.  Complaint at ¶¶ 76-77, 80.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), it is well established that a plaintiff cannot pursue claims under § 1983 for actions that would directly or implicitly call into question the validity of his criminal conviction unless he demonstrates that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87; *accord Williams v. Consovoy*, 453 F.3d 173, 176-78 (3d Cir. 2006); *cf. also Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (holding that when an inmate is "challenging the very fact or duration of his physical imprisonment . . ., his sole remedy is a writ of habeas corpus," not a § 1983 action).

Indeed, "'a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'" *Williams*, 453 F.3d at 177 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original)).  In the instant case, to the best of undersigned counsel's understanding, Plaintiff alleges that he is entitled to damages and invalidation of a criminal conviction because Defendants: 1) submitted for approval an affidavit in support of a search warrant without first corroborating the facts contained in the warrant, Complaint at ¶¶ 1-3; 2) improperly seized drugs and firearms pursuant to the search warrant, which was issued to search for evidence of forgery only, and then accused Plaintiff of being the individual to whom the drugs belonged, *id.* at ¶¶ 4-22, 27; and 3) destroyed the narcotics recovered pursuant to the search warrant, which somehow led to Plaintiff being convicted for possessing more drugs than he actually possessed, *id.* at ¶¶ 51-56.  To prevail in the instant case and receive his desired relief—which includes the elimination of his entire

- 6 -

criminal record—Plaintiff would necessarily have to demonstrate that his confinement is invalid. Thus, because Plaintiff's § 1983 complaint seeks relief for conduct that he alleges resulted in an improper conviction, and because that conviction still stands, dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate.

> **B.** **Plaintiff's Claims Are Barred by the *Rooker-Feldman* Doctrine**

The *Rooker-Feldman* doctrine applies when "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quotation marks and citations omitted). The instant action, in which Plaintiff is inviting this Court to review and reject his state-court criminal judgments, came about because Plaintiff lost his criminal proceeding in state court and is complaining of injuries caused by his state-court criminal judgments (which were rendered before the instant suit was filed). Thus, to the extent that Plaintiff is attempting to use this action to attack the criminal judgments against him, his Complaint is barred by the *Rooker-Feldman* doctrine. *See, e.g., Burgos v. McEwan*, No. 10-3766, 2011 U.S. App. LEXIS 1896 (3d Cir. 2011) (applying the *Rooker-Feldman* doctrine in dismissing a § 1983 complaint in which the plaintiff sought invalidation of a criminal judgment).

The *Rooker-Feldman* doctrine is particularly applicable to the instant case because it appears that Plaintiff actually raised all of the issues presented in his Complaint with the state court. Indeed, the docket sheet associated with Plaintiff's criminal matter indicates that, on October 17, 2002, Plaintiff's motion to suppress evidence based on the alleged insufficiency of the warrant was denied by the Pennsylvania court. Exhibit "B" at Page 8; *see also* Complaint at ¶

35 ("This plaintiff filed a Motion to Suppress, before Judge Younge illegally denied plaintiff's Motion thereby abusing judicial Discretion, moreover forcing plaintiff to stand trial on these illegal malicious allegations."). As to the claims regarding the destruction of evidence, Plaintiff's Complaint alleges that this issue was actually addressed during trial. *Id.* at ¶ 50. Furthermore, Plaintiff had the opportunity to raise this issue during his appeal to the Superior Court, which affirmed his conviction, and with the Supreme Court, which denied his petition for allowance of appeal. *See* Exhibits "C" and "D."

Given that the relief sought by Plaintiff would necessarily require this Court to review and reject judgments and determinations of law made by the Pennsylvania state courts, it is clear that the Rooker-Feldman doctrine applies to this action. Defendants thus respectfully request that this Court dismiss Plaintiff's Complaint with prejudice.

### C. Plaintiff's Claims Are Barred By The Statute of Limitations

It is clear that, to the extent they are not barred by *Heck* and *Rooker-Feldman*, Plaintiff's 42 U.S.C. § 1983 claims are barred by the statute of limitations. "A defendant properly raises statute of limitations defense in a motion to dismiss 'where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading,'" both of which are true in the instant case. *McCreary v. Redevelopment Auth. of the City of Erie*, 2011 U.S. App. LEXIS 10009 (3d Cir. 2011) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994)). It is well-established that "[t]he length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Thus, the statute of limitations for both a § 1983 claim and a personal injury tort action arising in Pennsylvania is two years. *Id.*;

42 Pa.C.S. § 5524(2).  Furthermore, "a cause of action accrues, and the statute of limitations begins to run, 'when the plaintiff knew or should have known of the injury upon which its action is based.'"  *Id.* (quoting *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998)).

To the best of undersigned counsel's understanding, Plaintiff's Complaint attempts to make claims arising out the allegedly improper procurement and execution of a search warrant in April of 2001, and Plaintiff's discovery in May of 2007 that evidence from his criminal case was allegedly destroyed.  Complaint at ¶¶ 1, 4, 50-56.  Giving Plaintiff every benefit of the doubt, and using December 16, 2010, as the date he filed his Complaint, it is abundantly clear that any of his claims which are not barred by *Heck* are barred by the applicable two-year statute of limitations.  *See, e.g., Lewis v. City of Trenton*, No. 05-4733, 2005 U.S. Dist. LEXIS 23342 (D.N.J. Sept. 30, 2005); *Simms v. Freeman*, No. 11-1349, 2011 U.S. App. LEXIS 10096 (3d Cir. May 18, 2011).

## V.     CONCLUSION

For all of the foregoing reasons and based upon the authorities set forth herein, Plaintiff has failed to state any claims upon which relief can be granted.  Plaintiff is prohibited from using 42 U.S.C. § 1983 to challenge actions that would directly or implicitly call into question the validity of his criminal convictions.  Furthermore, the *Rooker-Feldman* doctrine prevents this Court from reviewing and rejecting state court judgments.  Finally, Plaintiff's action is barred by the statute of limitations.  Defendants thus respectfully request that Plaintiff's claims be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully Submitted,

/s/ Andrew J. Belli

Andrew J. Belli
*Assistant City Solicitor*
Attorney I.D. No. 208100
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
andrew.belli@phila.gov
Date: June 13, 2011                Ph. (215) 683-5434/fax: 215-683-5071

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILLIP McCOY, | : | CIVIL ACTION |
| | : | |
| *Plaintiff,* | : | |
| vs. | : | No.  10-7334 |
| | : | |
| DETECTIVE FRANK MARTIN, *et al.*, | : | |
| | : | |
| *Defendants* | : | |
| | : | |
| | : | |

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that, on June 13, 2011, he personally caused to be served upon the following a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Complaint and brief in support thereof, via postage prepaid U.S. mail to:

> PHILLIP MCCOY
> HW-6177
> BOX 1000
> HOUTZDALE, PA 16698-1000

> /s/ Andrew J. Belli
> Andrew J. Belli
> *Assistant City Solicitor*
> Attorney I.D. No. 208100
> City of Philadelphia Law Department
> 1515 Arch Street, 14th Floor
> Philadelphia, PA  19102
> andrew.belli@phila.gov
> Ph. (215) 683-5434/fax: 215-683-5071